UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

TIARA FELIX,

                    Defendant.

No. 12-cr-322 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

    Before the Court is a request by Defendant Tiara Felix for "immediate release to home confinement," which the Court construes as a request for compassionate release under the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A), in light of the COVID-19 pandemic. (Doc. No. 666 ("Pet. Brief").) For the reasons set forth below, Felix's motion is DENIED.

I.     BACKGROUND

    On February 28, 2013, a grand jury returned an indictment charging Felix and five co-defendants with conspiracy to distribute and possess with the intent to distribute one kilogram and more of heroin and 280 grams and more of crack, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (Doc. No 53.) The indictment further charged Felix with possession of a firearm during and in relation to the narcotics conspiracy, which was brandished and discharged, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2. (*Id.*) On December 23, 2013, Felix pleaded guilty to the narcotics conspiracy pursuant to a plea agreement with the government; according to the terms of that agreement, Felix was not required to plead guilty to the firearms count, which

would have carried a mandatory minimum sentence of ten years, to be served consecutive to any term of imprisonment imposed on the conspiracy count. (Doc. No. 239.)

The Court sentenced Felix on November 18, 2014 to twelve and a half years' imprisonment – well below Felix's Sentencing Guidelines range of 30 years to life imprisonment. (Doc. No. 420 ("Sent. Tr.") at 16, 50.) In doing so, the Court considered numerous factors, including the large amount of cocaine base and heroin distributed by Felix and her coconspirators, the drug trafficking organization's frequent use of firearms and minors, Felix's managerial status in the drug trafficking organization, Felix's young age and challenging upbringing, and Felix's acceptance of responsibility. To date, Felix has served approximately seven and a half years of her sentence.

On May 5, 2020, Felix submitted a request to the Warden of FCI Danbury asking for compassionate release. (*See* Doc. No. 668 at 2.) The Warden denied her request on May 7, 2020. (Doc. No. 668-1.) Now, Felix requests that the Court grant her "immediate release to home confinement," which the Court interprets as a request for compassionate release under the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A). Felix contends that the COVID-19 pandemic poses a threat to her and, consequently, that she "qualifies to be immediately released to home confinement." (Pet. Brief at 3.)

## II.   DISCUSSION

The Court "may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Roberts*, No. 18-cr-528 (JMF), 2020 WL 1700032, at *1 (S.D.N.Y. Apr. 8, 2020) (internal quotation marks omitted). Section 3582(c)(1)(A) provides one such exception, often referred to as "compassionate release." Through that provision, the Court may "reduce" a defendant's sentence where "extraordinary and compelling reasons warrant such

a reduction," and such relief would be consistent with both the factors in 18 U.S.C. § 3553(a) and "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

As an initial matter, the Court must first address whether Felix has exhausted her administrative remedies. Although there may be an argument that Felix has not exhausted her administrative remedies because she did not appeal the Warden's denial of her request for release to home confinement, the government does not contest exhaustion, and therefore has waived any such argument. *See United States v. Santibanez*, No. 13-cr-912 (RJS), 2020 WL 3642166, at *2 (S.D.N.Y. July 6, 2020). Therefore, the Court will resolve Felix's motion on the merits.

Nevertheless, Felix's motion – which essentially maintains that the COVID-19 pandemic by itself merits a compassionate release – is unpersuasive. The Court first notes that Felix has not alleged that she suffers from any medical condition(s) that would put her at a greater risk of suffering severe health consequences should she contract COVID-19. Moreover, courts have consistently recognized that the pandemic itself – without more – does not present extraordinary and compelling circumstances warranting a compassionate release. *See, e.g., United States v. Hamed*, No. 17-cr-302-1 (KPF), 2020 WL 3268657, at *3 (S.D.N.Y. June 17, 2020) ("[T]he risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional factors such as advanced age or serious underlying health conditions that place a defendant at greater risk of negative complications from the disease." (quoting *United States v. Nwankwo*, No. 12-cr-31 (VM), 2020 WL 2490044, at *1–2 (S.D.N.Y. May 14, 2020))); *United States v. Lee*, No. 19-cr-298 (KBJ), 2020 WL 1541049, at*1 (D.D.C. Mar. 30, 2020) ("[T]he generalized increased risk of harm to detainees does not yet warrant release of healthy individuals who would otherwise have been detained."); *see also United States v. Lynch*, No. 20-cr-202 (LAP), 2020 WL 2145363, at *3 (S.D.N.Y. May 5, 2020) (denying bail where the defendant "proffer[ed]

no medical complications that he ha[d] experienced . . . as a result of his asthma" and where "the [g]overnment . . . detailed the steps taken by [the] Bureau of Prisons in general and the MCC in particular to minimize the effect of COVID 19").

But even if Felix could allege medical conditions that would put her at a greater risk of suffering severe health consequences should she contract COVID-19, the current number of COVID-19 cases at FCI Danbury and the seemingly effective BOP mitigation strategies implemented there would undermine any argument for release. When Felix filed her motion for compassionate release, she herself admitted that FCI Danbury was "virus free." (Pet. Brief at 4.) There now appears to be a single confirmed case of COVID-19 among the inmate population at FCI Danbury, as well as two confirmed cases among the staff. *See* BOP, COVID-19, https://www.bop.gov/coronavirus/ (last visited August 4, 2020). But, although Felix contends that "[s]ocial [d]istancing is difficult . . . if not impossible" to maintain in a prison setting (*id.*), the government credibly explains that the BOP has implemented numerous safeguards to protect inmates against the virus (Doc. No. 668 at 4–6). At least one other court in this circuit has recently agreed that the BOP's mitigation strategy at FCI Danbury appears to have been largely successful, which undercuts the argument that circumstances at Danbury specifically present an extraordinary and compelling reason for release. *See United States v. Donato*, No. 03-cr-929-9 (NGG), 2020 WL 3642854, at *2 (E.D.N.Y. July 6, 2020) (denying release "in light of the apparent effectiveness of the BOP's mitigation strategy" and "the current circumstances at Danbury"). Thus, given Felix's lack of any medical factors that might put her at heightened risk should she contract COVID-19 and the relatively safe environment at FCI Danbury, the Court finds that Felix has failed to demonstrate extraordinary and compelling circumstances that warrant compassionate release.

The Court also finds that the § 3553(a) factors weigh strongly against granting compassionate release in this case.  As the Court noted at sentencing, Felix actively participated in a violent and socially harmful drug trafficking organization for years.  (Sent. Tr. at 48–49.)  Indeed, Felix served in a leadership position within that organization, knowing full well the extent of the organization's crack and heroin distribution network and its propensity to use firearms and violence to preserve its hold on a neighborhood.  (*Id*. at 14.)  "[T]he nature and circumstances of the offense" thus weigh against release.  18 U.S.C. § 3553(a)(1).  Moreover, releasing Felix now, when she has served barely half of her sentence, would undermine the goal of ensuring that the sentence "reflect the seriousness of the offense, . . . promote respect for the law, and . . . provide [a] just punishment for the offense."  *Id.* § 3553(a)(2)(A).

Felix's disciplinary record while at FCI Danbury also suggests that her continued detention is necessary "to protect the public from further crimes of the defendant."  *Id.* § 3553(a)(2)(C).  Despite claiming that she "has served 7 years incident free" (Pet. Brief at 4), Felix has had three disciplinary infractions during her time in confinement – twice for fighting another person and once for destroying property (Doc. No. 668-2).  *See United States v. Whitley*, No. 04-cr-1381 (NRB), 2020 U.S. Dist. LEXIS 94182, at *3–4 (S.D.N.Y. May 28, 2020) ("[Defendant's] lengthy disciplinary record while in BOP custody, and specifically his participation in an assault on a fellow inmate earlier this year . . . fails to persuade the Court that he would not be a danger to any other person or the community were he to be released." (internal citation omitted)); *United States v. Pena*, No. 15-cr-551 (AJN), 2020 WL 2301199, at *5 (S.D.N.Y. May 8, 2020) ("Crucially, Mr. Pena has not received a *single* disciplinary infraction while in custody over the past five years.").

Thus, even if Felix could establish "extraordinary and compelling reasons warrant[ing] a reduc[ed]" sentence, such relief would be inconsistent with the objectives of sentencing set forth in 18 U.S.C. § 3553(a).

III. CONCLUSION

For all these reasons, the Court DENIES Felix's motion for compassionate release. The Clerk of the Court is respectfully directed to terminate the motion pending at document numbers 666 and 668, and to mail a copy of this order to Defendant Tiara Felix.

SO ORDERED.

Dated: August 4, 2020
New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation